MICHAEL W. HARRINGTON, RESPONDENT, v. THE EUREKA HILL MINING CO., APPELLANT.

CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.

1. The burden is upon the defendant to allege and prove contributory negligence; but, if the plaintiff proves it, the defendant is not required to. The jury must decide the issue upon all the evidence.

2. It is not error to charge the jury, if they find for the plaintiff, they will assess such amount as will fully compensate him for his injury. While the use of the term "fully" is unnecessary, it is not error.

3. *Amount of Damages—Question of Fact for Jury.*
The amount of damages in cases like this is a question of fact, to be determined by the jury from the evidence; and under the constitution of this state the supreme court is not at liberty to say the amount is excessive, when there is evidence to support the finding.

(No. 897.   Decided June 13, 1898 )

Appeal from district court, Fifth district; E. V. Higgins, *judge.*

Action by Michael W. Harrington against the Eureka Hill Mining Company. Plaintiff had judgment, and defendant appeals. *Affirmed.*

*Booth, Lee & Gray* and *Bennett, Harkness, Howat, Bradley & Richards,* for appellant:

The judge should always direct the attention of the jury to a hypothetical state of facts, which they may or may not find from the evidence to be true. He should never frame his instructions so as to assume a disputed state of facts as proven. The rule is of equal application in civil and criminal cases. 11 Enc'y of Law, page 254, note 1, Citing *Seibert* v. *Leonard,* 21 Minn. 442; *Bodie* v. *State,* 52 Ala. 395; *Wash R. Co.* v. *Gladmon,* 15 Wall. 401; *N. Y. L. Ins. Co.* v. *Baker,* 94 U. S. 611; *Peck* v. *Ritchey,* 66 Mo. 114; *Gaither* v. *Martin,* 3 Md. 162; *State* v. *Kennedy,* 7 Nev. 374; *Kenney* v. *Williams,* 1 Colo. 191; *Wall* v. *Goodenough,* 16 Ill. 415; *McDonald* v. *Beal,* 55 Ga. 288.

Generally, contributory negligence is a matter of defense, and must be alleged and proven by the defendant; but where the testimony on the part of the plaintiff, who seeks to recover damages for injuries resulting from negligence, shows conclusively that his own negligence or want of ordinary care was the proximate cause of the injury, he will not be permitted to recover, even though the answer contains no averment of contributory negligence. This rule is not peculiar to cases of negligence, but extends to all other cases as well; for if, in an action on a promissory note or other debt, it appears from the plaintiff's evidence that he has been paid, he must fail. Beach Con. Neg. sec. 160; *Hath* v. *Peters,* 55 Wis. 405, 13 N. W. 219; *Johnson* v. *Railway Co.,* 5 Duer 21; *Canal Co.* v. *Bentley,* 66 Pa. St. 30; *Robinson* v. *Railway Co., supra; Gay* v. *Winter,*

34 Cal. 153; *Hoyt* v. *City of Hudson,* 41 Wis. 105; *Railway* v. *Skinner,* 19 Pa. St. 298; *Bennett* v. *Railway Co.,* 19 Wis. 145.

"There can be no contributory negligence, except where the defendant has been guilty of negligence to which the plaintiff's negligence could contribute." *Reuter* v. *Foy,* 46 Iowa 132; *Steinmetz* v. *Kelley,* 72 Ind. 442; s. c. 37 Am. Rep. 170; Patterson's Railway Accident Laws, sec. 50. Beach on Con. Negligence, sec. 22, p. 59.

The negligence of the defendant must be shown before any question of contributory negligence can arise. *Simms* v. *So. Car Co.,* 2 S. E. 486; *Harris* v. *Minne. R. Co.,* 33 N. W. 12.

Contributory negligence is a want of ordinary care upon the part of a person injured by the actionable negligence of another combining and concurring with that negligence, and contributing to that injury as a proximate cause thereof, without which the injury would not have occurred. 4 Vol. Ency. of Law, 17; Patterson's R. Ac. Law, page 38, sec. 47; Cooley on Torts, 674; Sherman & Redfield on Negligence, sec. 25; Beach on Con. Neg., secs. 3, 7.

On the question of excessive damages see: *The Grecian Monarch,* 32 Fed. 365; *South Covington, etc. Ry. Co.* v. *Ware,* 87 Ky. 267; *Lombard* v. *Chicago, etc. Ry. Co.,* 47 Ia. 494; *Slette* v. *Great Northern Ry.,* 53 Minn. 341; *Ry. Co.* v. *Hughes,* 87 Ill. 94; *Orleans* v. *Perry,* 24 Neb. 831; *Ry. Co.* v. *McKittrick,* 77 Ill. 619; *Ry.* v. *Hall,* 15 S. W. R. 108; *Clapp* v. *Ry.,* 19 Barb. (N. Y.) 461; *Murray* v. *Ry.,* 47 Barb. (N. Y.) 196; *Florida, etc. Co.* v. *Webster,* 25 Fla. 394; *Ry. Co.* v. *Finlayson,* 16 Neb. 578; *Ry.* v. *Haviland,* 12 Brad. 561; *Ry.* v. *Dwyer,* 36 Kas. 58; *Ry.* v. *Effert,* 74 Ill. 399; *Ry.* v. *Minogue,* 14 S. W. R. 357.

*Powers, Straup & Lippman,* for respondents:

It is well settled in this court that an exception to a charge like the one under consideration is not sufficient. *Hamner* v. *Bank*, 9 Utah 45; *People* v. *Berlin*, 9 Utah 383; *People* v. *Berlin*, 10 Utah 39; *People* v. *Hart*, 10 Utah 206; *Lowe* v. *Salt Lake City*, 13 Utah 99; *Wilson* v. *Sioux Consolidated*, 52 Pac. Rep. 626.

Contributory negligence is the want of ordinary care upon the part of a party injured which as a proximate cause contributed to the injury complained of. That is, there must be a proximate connection between plaintiff's negligence and that of his injury. The contribution is to his injury, not to the negligence of the defendant. *Cline* v. *Crescent City R. R.*, 26 Am. St. Rep. 187; *Russell* v. *Town Monroe*, 47 Am. St. 823; Bishop Non-Contract Law, sec. 459; *Texas & C. R. R. Co.* v. *Cody*, 166 U. S. 606, 41 Lawyer's Ed. 1132; *Smithwick* v. *Hall & Co.*, 21 Am. St. 104; *McKeever* v. *R. R. Co.*, 59 Cal. 294; *Smith* v. *Norfolk R. R.*, 114 N. C. 827, 25 Lawyers' An. 287; *Murray* v. *R. R.*, 38 A. & E. R. R. Cases 177; *Nash* v. *R. R.*, 7 S. E 808.

ZANE, C. J.:

This action was brought to recover damages to plaintiff in consequence of personal injuries, caused, as alleged, by the negligence of the defendant, in putting plaintiff to work, in a drift of its mine that reasonable prudence and care required to be first timbered, without warning him of danger. This is an appeal by the defendant from a judgment of the district court upon the verdict of the jury awarding the plaintiff $10,000 damages. In deciding this appeal, we are not at liberty to consider the evidence further than it may be necessary in deciding upon the correctness of the rulings of the court assigned as error, in applying to the evidence principles of law, and so far as neces-

sary to determine whether any essential fact is entirely unsupported by the evidence.

The defendant assigned as error the following statement in the charge of the court: "The burden is upon the defendant to establish contributory negligence on the part of the plaintiff in this case." The rule of evidence undoubtedly is that the burden of proof lies on the party who substantially asserts the affirmative of the issue, and the rule, as applied to proof of contributory negligence in this state, is that the defendant is required to allege contributory negligence on the part of the plaintiff, and to prove it by a preponderance of the evidence, and the burden was not upon the plaintiff to disprove it. That is undoubtedly the rule in this state, and the court did not err in so charging. The statement complained of, standing alone, might have misled the jury; but, when considered with other parts of the charge, it is not probable they were. If the evidence introduced by the plaintiff furnished sufficient proof of contributory negligence on his part, of course, it was not necessary for the defendant to prove it also. In determining the question of contributory negligence on the part of the plaintiff, it was the duty of the jurors to consider the whole evidence bearing on the issue. If the plaintiff offered any evidence tending to prove or disprove negligence on his part, the jurors should have considered that, with the evidence offered by the defendant, if any, tending to prove or disprove it, and it was the duty of the court to so inform the jury. In deciding the issue as to the negligence of the defendant, and the issue as to the contributory negligence of the plaintiff, it was the duty of the jurors to consider all the evidence before them bearing upon either. Taking the portion of the charge above quoted in connection with the other parts of it, the jurors must have understood they

should consider all the evidence before them in deciding the issue as to contributory negligence. They were told it was for the plaintiff to prove his case by a preponderance of the evidence, and that, if the evidence bearing upon his case was evenly balanced, or it preponderated in favor of the defendant, the plaintiff could not recover; that, if the danger to which the plaintiff was exposed was equally visible to plaintiff and defendant, and the plaintiff had equal or superior opportunity to that of the defendant to ascertain the danger, the defendant was not liable. While the court informed the jury that the burden was upon the plaintiff of proving negligence on the part of the defendant, and the burden was upon the defendant of proving contributory negligence on the part of the plaintiff, as reasonable men they must have understood, from the entire charge, that they were to decide those issues from all the evidence bearing upon them, and that, in so doing, they were not limited to the consideration of the evidence offered by either side.

The defendant also assigns as error the following language of the charge: "If you find for the plaintiff, then it will become your duty to assess the damages; and in finding damages you should assess such amount as will fully compensate him for such injuries as he has proven." In this the court clearly limited the damages to the amount proven. The use of the word "fully," which is complained of, was unnecessary; but it meant no more than such damages as were proven.

The defendant further urges that the damages found by the jury were excessive, and that the court erred in overruling its motion to set aside the verdict for that reason. There was evidence to support the finding, though it was conflicting as to the extent of plaintiff's injury. In this

17 UTAH—20

class of cases, the amount of damages is a fact, to be found by the jury from the evidence, and, if there is any evidence to support the finding, we are not at liberty, under the constitution of this state, to review error in making it. If there is no evidence from which to find the fact, we can say it was found contrary to law, and erroneous, and reverse for that reason. We find no reversible error in the record. The judgment is affirmed.

BARTCH and MINER, JJ., concur.