JOHN MARTI, Respondent, v. THE AMERICAN SMELTING AND REFINING COMPANY, Appellant.

ACTION FOR DAMAGES—QUESTION OF FACT—PROVINCE OF JURY—USURPATION BY COURT—PREJUDICIAL ERROR—QUESTION OF LAW—SECTION 9, ART. 8, CONST.

1. ACTION FOR DAMAGES: QUESTION OF FACT: PROVINCE OF JURY: USURPATION BY COURT: PREJUDICIAL ERROR. In an action for damages, an instruction which assumes that plaintiff has proven damages, is in effect a usurpation of the province of the jury by the court, and necessarily prejudicial to the defendant, notwithstanding the fact that another portion of the charge tells the jury that they are the judges of the facts and the credibility of the witnesses.

2. QUESTION OF LAW: SECTION 9, ARTICLE 8, CONSTITUTION. Whether or not there is any evidence to support a verdict is a question of law within the meaning of section 9, article 8, Constitution.[1]

Decided December 13, 1900.

Rehearing denied January 11, 1901.

Appeal from the Third District Court Salt Lake County.—
*Hon. A. N. Cherry,* Judge.

Action by plaintiff to recover damages alleged to have been caused by defendant company dumping slag into the channel of Little Cottonwood Creek so as to retard the flow of water and cause the same to spread out over plaintiff's land. From a judgment for plaintiff defendant appealed.

REVERSED.

*Messrs. Dickson, Ellis, & Ellis* for appellant.

*D. H. Wells, Esq.* for respondent.

PER CURIAM.—This action was brought by the plaintiff to recover damages for the alleged flowing of his land by defendant dumping slag into the channel of Little Cottonwood creek at a point below plaintiff's land, so as to partially retard the flow of the water in said creek, as it passes over plaintiff's land, and preventing the same from freely passing out in its natural channel.

The case was tried before a jury, and a verdict rendered in favor of the plaintiff. Defendant appealed to this court.

---

[1] Harrington v. Mining Co., 17 Utah 300.

The grounds upon which this appeal is taken are: First, that there is absolutely no evidence showing, or tending to show, that the defendant in any way caused or had anything whatever to do with the injury to the plaintiff's property, and, that, on the contrary, the uncontradicted evidence shows that defendant had nothing whatever to do with the injury, and was not in the remotest degree connected therewith. Second: That the court erred in its instructions to the jury.

Among other things, the court instructed the jury as follows:

"It is alleged in plaintiff's amendment to his complaint, and the evidence of the plaintiff also shows, that the defendant in this case succeeded to the property on which the said slag dump was placed on June 21, 1899, and also that the damage to the plaintiff's premises for the year 1899 occurred on and after said date of June 21; you are therefore instructed that in the consideration of any damages you may find due the plaintiff, by reason of said obstruction, you should limit your inquiry to such damages as occurred on and after June 21, 1899."

By this instruction the court assumes that the plaintiff had proven his damages since the twenty-first day of June, 1899, and the jury were only limited in their inquiry as to the amount of such damages from that date. Under such instructions the jury were left to assess the damages. It is true that in another part of the charge the jury were told that they were the judges of the facts and the credibility of the witnesses, but we can not presume that the erroneous effect of the former was eliminated from their minds by the latter instruction.

The question passed upon by the court was a question of fact for the jury to determine. The defendant must have been prejudiced by the instruction given.

We are also of the opinion that there was no evidence

showing that the defendant caused the injury to the plaintiff's property.   On the contrary, the uncontradicted evidence shows that the defendant was not responsible for the injuries complained of.   So far as appears from the evidence, other causes not connected with the acts of the defendant contributed to the cause of the injury for which a recovery is sought.

Whether or not there is any evidence to support the verdict is a question of law within the meaning of section 9, article 8, Constitution of this State.   If there is no evidence from which to find a verdict for the plaintiff, this court has power to say it was found contrary to law and was erroneous, and reverse the case for that reason.   Harrington v. Mining Co., 17 Utah 300; People v. Jones, 31 Cal. 566.

Because of the errors referred to the case is reversed, with costs, and the cause remanded to the district court with directions to grant a new trial.