KANSAS CITY, FORT SCOTT & MEMPHIS RAILWAY COMPANY *v.* BECKER.

Opinion delivered February 20, 1897.

INSTRUCTION—READING STATUTE TO JURY.—Where the question in issue is what constitutes a fellow servant, it is error to read to the jury the statute defining a fellow servant without explanation, it being susceptible of more than one interpretation.

BURDEN OF PROOF—FELLOW SERVANTS.—A fireman injured by the negligence of an engineer who is shown to have been in the common service of defendant and working to a common purpose in the same department is presumed to be a fellow servant with the engineer, and has the burden of proving the contrary.

FELLOW SERVANTS' ACT—CONSTRUCTION.—A fireman and engineer on the same engine are fellow servants if neither exercises super-intendence or control over the other, under the act of February 28, 1893, providing that employees engaged in the common service in the same department and working together to a common purpose are fellow servants if they are of the same grade, neither being entrusted with any superintendence or control over the other.

Appeal from Craighead Circuit Court, Jonesboro District.

FELIX G. TAYLOR, Judge.

*Wallace Bratt, I. P. Dana* and *Olden & Orr* for appellant.

Appellee knew of the defect. He took the risk, and, on the evidence, the court should have directed the jury to return a verdict for defendant. 57 Ark. 461. See Shearman & Redf. Neg. (4 Ed.), sec. 11; 46 Ark. 555; 21 S. W. Rep. 648; 23 *id.* 643; 59 Tex. 22; 33 S. W. Rep. 722; 30 *id.* 759; 22 *id.* 162; 150 Mass. 423; 23 N. E. Rep. 227; 46 Ark. 567; 26 S. W. Rep. 592; 33 Kas. 660. The danger was obvious to the employee. 33 Kas. 660; Wood, Master & S. sec. 382; 1 Shearman & Redf. Neg. (4 Ed.), sec. 222; 2 Thompson, Neg. p. 1053, sec. 48; Pierce, Railroad, 373, 382; 61 Ia. 714, 715; 19 S. E. Rep. 756; Ray, Neg. Imposed Duties, 133; Bailey, Master's Neg. p. 503; 119 Pa. St. 70; 103 Mo. 52–59; 50 N. W. Rep. 363; 113 Mo. 570, 580; 98 Mass. 575; 129 Mo. 41. Who are fellow servants is a mixed question of law and fact. Where the facts are undisputed, it is purely a question of law for the court. 3 Mees. & W. 1; 1 McMullin, 385; 4 Met. 49; 20 Oh. 416; 112 U. S. 377; 64 Wis. 475; 28 W. Va. 269; 46 Tex. 550; 9 Heisk. (Tenn.) 866; 25 So. Car. 128; 116 Pa. St. 628; 96 N. Car. 455; 16 Neb. 254; 108 Ill. 288; 69 Ga. 137; 50 Conn. 433; 22 Ala. 294; 24 Am. & Eng. R. Cases, 443; 85 Mo. 588. Arkansas adopted the *superior servant* limitation by act February 28, 1893, sec. 1. And the *different department* limitation by sec. 2 of said act. The appellee in this case and the engineer were in the *same* department, and were fellow servants, under this act, and the burden was on plaintiff to show they were not fellow servants. 61 Mo. 532; 55 Mo. App. 569, 574; 58 N. Y. 217, 222; 77 Mo. 410; 24 S. W. Rep. 251; 19 C. B. (N. S.) 361. A

fireman is fellow servant not only with the engineer of his own, but of all other engines. 49 Mich. 495; 4 Bush, 507; 3 Wood (U. S.), 527; 73 Lea, 423; 67 Ala. 206; 11 S. W. Rep. 867; 34 N. J. L. 151; 48 Ala. 459; 26 Fed. Rep. 837. It was error to read the statutes of Arkansas to the jury, and leave them to place their own construction on them. 10 Mich. 250; 29 Ill. 317; 31 S. W. Rep. 333; 33 S. W. 716. Under the Arkansas act, the burden is still on the the plaintiff to show that the injured party was not a fellow servant. 33 S. W. Rep. 716; 61 Mo. 532; 109 Mo. 350; 115 *id.* 165; 112 *id.* 45, 86; 31 S. W. Rep. 333; 24 *id.* 728; 55 Mo. App. 567. It was error to refuse prayers Nos. 16 and 17. 36 S. W. 462; 35 *id.* 364; 37 Kas. 731. Under the act the engineer and fireman are still fellow servants. Cases *supra*, and 112 U. S. 377; 149 *id.* 368; 26 Fed. Rep. 837; 6 Heisk. (Tenn.) 347; 13 Lea, 423; 22 Ala. 294; 67 *id.* 206; 49 Mich. 495; 42 *id.* 34; 73 Tex. 85; 31 S. W. Rep. 333; 33 *id.* 716. An engineer has no superintending control over the fireman; they are working to a common purpose, in the same department, of the *same grade*, and hence are fellow servants under the act. See cases, *supra*, and sec. 6249, Sand. & H. Dig.

*N. F. Lamb* and *E. F. Brown* for appellee.

Appellee was not negligent in not discovering the defect, and appellant could have discovered it by the exercise of reasonable care. The law on these points is covered fully by the charge of the court. 46 Ark. 555; 21 S. W. Rep. 648; 30 S. W. Rep. 759; 35 Ark. 602; 150 Mass. 432; 26 S. W. Rep. 592. The fact that a servant in the discharge of his duties did not discover a defect is not evidence that the master by proper inspection should not have done so. 144 U. S. 417; 8 Gray, 131; 10 *id.* 280; 34 Wis. 318; 28 Mich. 448; 107 U. S. 454. The jury found Becker was not negligent. 52 Ark.

368. A railway company must exercise ordinary care and diligence in furnishing reasonably safe machinery and appliances to its employees. Bailey, Master's Liability, p. 101; 54 Ark. 289; 59 *id*. 465. Engineer and fireman not fellow servants under act February 28, 1893. 58 Ark. 217; 54 *id*. 289; 58 *id*. 66, 78. But if they were fellow servants, if the company owed the employee any duty, and failed to discharge it, by which it has in any manner contributed to the injury, it is liable by reason of its own negligence, notwithstanding the negligence of a fellow servant may have been the immediate cause of the injury. 54 Ark. 289, 299; Bailey's Master's Liability, p. 439; 48 Ark. 333. Since the passage of the act, a fireman and engineer are not fellow servants. 48 Ark. 331, 346; 31 Ill. App. 306; 129 Ill. 535; 70 Ga. 678; 20 Oreg. 285; 5 Dak. 523; 23 S. C. 228; 9 Heisk. 27; 31 Am. & Eng. R. Cases, 329. Under said act five conditions must exist to make employees fellow servants: (1) They must be engaged in the common service; (2) they must be working together to a common purpose; (3) they must be of the same grade. (4) in the same department; and (5) neither must have command over the other. All these must concur. In this case they were not of the *same grade*, and the engineer had control, superintendence and command over the fireman. 30 S. W. 89, (92); 33 *id*. 373; 32 *id*. 246; *id*. 799, 1035; 24 *id*. 477, (979); 43 Fed. Rep. 383, (389). Under the act the burden of proof as to who are fellow servants is still upon the company as it was before the passage of the act. 37 N. E. Rep. 11.

BATTLE, J. This action was brought by William Becker against the Kansas City, Fort Scott & Memphis Railroad Company to recover damages for personal injuries. The plaintiff was a fireman in the service of the defendant, and was engaged in operating one of its

trains between Thayer, Missouri, and Memphis, Tennessee. On the evening of April 21, 1894, his engine, No. 30, with George Bennett as engineer, left Thayer for Memphis, and reached the latter place early in the morning of the next day, and, returning, left Memphis on the following evening, and reached Afton, Ark., at daylight the next morning, where it ran on a side track, and stopped to await the arrival of a passenger train. While there, plaintiff alighted for the purpose of putting out the head light. Before he returned to his place, the passenger train arrived, and his engine backed out; and as it did so, and while it was moving, he attempted to get upon it. In doing so, he placed one of his feet upon a step attached for the purpose of enabling the engineer and fireman to get upon it, and arose from the ground, when the step turned, and he fell. His left foot and ankle were thrown across one of the rails of the railway track, and were run over by the engine, and crushed so badly that they had to be amputated. These injuries are the cause of the damages for which he sues.

He bases his right to recover upon the failure of the railway company to maintain the step, which caused his fall, in a secure condition. This step was fastened to the lower end of an iron or steel rod, which was $1\frac{1}{4}$ inches in diameter and about two feet long, and passed through a solid iron beam, and was fastened and held in place by means of a tap at the top. When in proper position, it faced out at right angles to the side of the engine. When loose, it could be turned out of place, but could be fastened and made secure by means of the tap at the top of the rod. Plaintiff insists that it was the duty of the defendant to fasten the rod so that the step attached to it would not turn when the firemen or engineer stepped or leaped upon it, and to maintain it in such condition, and, for the failure to do so, is liable to him for damages. To show that the defendant was

guilty of culpable negligence in the failure to discharge this duty, evidence was adduced in the trial of this action tending to prove that the engine was taken on the 18th of April, 1894, to its shops at Thayer for inspection and repair, and that on the 20th of April, at Memphis, the step was discovered to be loose, and on the 21st of April, at Thayer, and was loose on the 23d of the same month, when the plaintiff was injured. On the contrary, evidence was adduced by the defendant to show that the step was not loosened at the shops when the engine was there for repair on the 18th of April, and the inspector did not notice that it was loose or turned; that it was the duty of the engineer to examine it on every trip to see if it was loose, which could be ascertained by striking it with a hammer or shaking it ; and that he was furnished with a wrench to fasten it if it was loose; and that he examined it on the evening of April 22, 1894, at Memphis, by striking it with a hammer, and found it apparently "all right."

The plaintiff testified that firemen received from $60 to $110 a month, and that an engineer's salary was from $100 to $200 for the same time; and that the defendant promoted firemen to engineers according to seniority.

Under this evidence, a question arose as to the fireman and engineer being fellow servants. Upon this question the court instructed the jury, over the objections of the defendant, as follows :

" The jury are instructed that if they find from the evidence that the plaintiff was injured by his own negligence, you will find for the defendant; but if you find that the plaintiff was not injured by his own negligence, but by the negligence of some one else, then it will be necessary for you to find by whose negligence he was injured; and if he was injured by the negligence of his fellow servant, he cannot recover, and I will read

you the law of fellow servants, which is as follows (Sand. & H. Dig.):

"'Section 6248. All persons engaged in the service of any railway corporation, foreign or domestic, doing business in this state, who are entrusted by such corporation with the authority of superintendence, control or command of other persons in the employ or service of such corporation, or with the authority to direct any other employee in the performance of any duty of such employee, are vice principals of such corporation, and are not fellow servants with such employee.

"'Section 6249. All persons who are engaged in the common service of such railway corporations, and who, while so engaged, are working together to a common purpose, of same grade, neither of such persons being entrusted by such corporations with any superintendence or control over their fellow employees, are fellow servants with each other; *provided*, nothing herein contained shall be so construed as to make employees of such corporation in the service of such corporation fellow servants with other employees of such corporation engaged in any other department of service of such corporation. Employees who do not come within the provisions of this section shall not be considered fellow servants.'"

"And, before you can find for the plaintiff, you must find that the negligence of the person that caused his injury was not a fellow servant with the plaintiff, under the rule just read you from the statute."

And the court refused to instruct the jury, at the request of the defendant, as follows:

"(16) That, without proof of facts that would take Bennett and Becker out of the rule, they were in law fellow servants; and the burden of proving they were in different departments, or that one had the superintendency or control of the other, or were of different grades, is on the plaintiff, Becker; and unless he has so

shown, the defendant would not be liable for the negligence of Bennett in failing to inspect the step at Memphis.

"(17)  The court instructs the jury that if you find from the evidence that the engineer, Bennett, who had charge of engine 30 on the trip on which Becker was injured, was provided with the necessary tools to tighten the step in case it got loose, and that it was his duty to so tighten it, and to examine the engine to see if it was safe, and failed to do so, then this neglect was that of a fellow servant, for whose negligence the defendant would not be liable."

The jury returned a verdict in favor of the plaintiff for $5,000, and the court rendered judgment accordingly.

Reading statute to jury.

The circuit court erred in giving the statutes, without explanation, as an instruction to the jury. They were susceptible of more than one interpretation, as shown by the contention of counsel in this case, and parts of them were not applicable to the facts before the jury. It was the duty of the court, and not of the jury, to interpret the statutes. The instructions of the court should be susceptible of only one construction.

Burden of proof.

The court erred in refusing instruction numbered 16, which was asked for by the defendant. Upon the plaintiff devolved the burden of proving his cause of action. The fireman and engineer were in the common service of the defendant, working together to a common purpose, in the same department, as shown by the evidence. The presumption is they were fellow servants, and it devolved on the plaintiff to show that they were not, in order to make the defendant liable to him for the damages he suffered from the negligence of the engineer. This court cannot take judicial notice of the supremacy or subordination of one to the other, if any exist. *McGowan* v. *St. L., I. M. & S. R. Co.*, 61 Mo.

528, 532; *Brown* v. *Missouri, Kansas & Texas R. Co.,* 67 Mo. 122.

The instruction numbered 17, which was asked for by the defendant, does not accurately state the conditions upon which the defendant was or was not liable to a fireman for damages occasioned by the negligence of the engineer. If they were fellow servants, it was not. The question is, were they fellow servants? The decision of this question involves to some extent the construction of the second section of an act entitled "An act to define who are fellow servants, and who are not fellow servants," approved February 28, 1893, which provides that "all persons who are engaged in the common service of such railway corporations, and who, while so engaged, are working together to a common purpose, of same grade, neither of such persons being entrusted by such corporations with any superintendence or control over their fellow employees, are fellow servants with each other; *provided,* that nothing herein contained shall be so construed as to make employees of such corporation in the service of such corporation fellow servants with other employees of such corporation engaged in any other department or service of such corporation. Employees who do not come within the provisions of this section shall not be considered fellow servants."

As the fireman and engineer in the case before us were unquestionably engaged in the common service of the defendant, in the same department, and working together to a common purpose, they were fellow servants, if they were of the same grade. The question then, for us to decide is, what do the words "of same grade" mean as used in the second section of the act of February 28, 1893? We are relieved of every difficulty in the decision of this question by the act itself. Immediately following these words are the following:

"Neither of such persons being entrusted by such corporations with any superintendence or control over their fellow employees." It seems to us the latter words can serve no purpose unless it be to explain the words "of same grade" which precede them. If this was not their purpose, they were entirely useless and without a purpose, for the idea conveyed by them is already expressed in the words "of same grade." The words "of the same grade," without qualification, may be of broader signification, and difficult to explain. But we think that the words following were intended to and do explain what is meant by them. In that way only can we give to all these words some effect, as they were doubtless intended to have.

In *Gulf, C. & S. F. Ry. Co.* v. *Warner*, 35 S. W. Reporter, 364, the Supreme Court of Texas construed a similar statute in the following words: "That all persons who are engaged in the common service of such railway corporation, * * * and who, while so employed, are in the same grade of employment, and are working together at the same time and place, and to a common purpose, neither of such persons being entrusted by such corporation * * * with any superintendence or control over their fellow employees, or with the authority to direct any other employee in the performance of any duty of such employee, are fellow servants with each other," etc. In construing it, the court said: "They must be 'in the same grade of employment.' 'Grade' means the rank or relative positions occupied by the employees while engaged in the common service. This definition, however, gives us no certain means of determining whether given employees are in the same or different grades, for it furnishes no test by which their respective ranks or relative positions in the common service can be ascertained. In the absence of a statutory test, the grade would have depended upon the test

which might have been adopted by the courts, such as authority one over the other, order of promotion, skill in the service, compensation received, etc. We are of the opinion that the legislature anticipated and settled this difficulty in the construction of the word 'grade' by the use of the clause 'neither of such persons being entrusted   *   *   *   with any superintendence or control over their fellow employees, etc., as explanatory of what was meant by the clause 'in the same grade'; thus adopting the most natural test of grade in the construction of the statute—authority one over the other while 'engaged in the common service.' Probably the most serious difficulty in arriving at the conclusion that one clause was intended as merely explanatory of the other is the fact that the explanatory clause does not immediately follow the one it explains, but this objection is removed when we consider that, in the original section, as enacted in 1891, the qualifying clause immediately follows the words 'same grade', and was evidently intended to explain their meaning," etc.

If, therefore, neither the fireman nor the engineer had superintendence or control of the other, they were fellow servants, otherwise they were not; and, if fellow servants, the defendant is liable to neither for damages caused by the negligence of the other in the performance of his duties. *St. Louis, I. M. & S. R. Co.* v. *Gaines*, 46 Ark. 555; *Railway* v. *Rice*, 51 Ark. 467.

For the errors indicated, the judgment of the circuit court is reversed, and the cause is remanded for a new trial.