THE AMERICAN CARBON COMPANY *v.* JACKSON.

[No. 3,023.   Filed March 28, 1900.]

REMOVAL OF CAUSES.—*Appeal.*—*Bill of Exceptions.*—The action of the circuit court in denying an application to remove a cause to the United States Circuit Court cannot be reviewed on appeal unless the application and ruling of the court are shown by a proper bill of exceptions, or made a part of the record by order of court. *p. 391.*

MASTER AND SERVANT.—*Employers' Liability Act.*—*Damages.*—*Personal Injuries.*—An employe cannot recover damages under specification two of the employers' liability act (§7083 Burns 1894) for an injury sustained by falling from a ladder while attempting to oil machinery, under the direction of his foreman, where the evidence showed that the instruction given by the foreman was to do the work, and, in doing it, to use the ladder he then had, if with it he could reach the place, and that plaintiff saw when he climbed upon the ladder that it was not long enough to enable him to reach the bearing he was attempting to oil without stepping upon some other object. *pp. 391-395.*

From the Hamilton Circuit Court.   *Reversed.*

*T. K. Kane, R. K. Kane* and *T. E. Kane,* for appellant.
*R. R. Stephenson, G. Shirts* and *W. R. Fertig,* for appellee.

Robinson, J.—The action of the circuit court denying an application to remove the cause to the United States Circuit Court can be reviewed in this court only when the ruling of the court and the application are shown by a bill of exceptions, or when made a part of the record by order of court. Where the decision itself and the grounds of objection are entered on the record, a party may except by having an exception noted at the end of the decision. §640 Burns 1894, §628 Horner 1897. But the decision thus excepted to, must be a part of the legal record. The statute, §662 Burns 1894, §650 Horner 1897, has indicated what is meant by the legal record by providing that all proper entries made by the clerk, and all papers pertaining to a cause, and filed therein (except a summons for the defendant, where all the persons named in it have appeared to the action, and summons for witnesses, depositions, and other papers used as mere evidence) are to be deemed parts of the record. See Ewbank's Manual, §25; Elliott's App. Proc. §202. Section 662, (650) *supra*, further provides that a transcript of motions, affidavits, and other papers, when they relate to collateral matters, and depositions and papers filed as mere evidence, shall not be certified, unless made a part of the record by exception or order of court. Ewbank's Manual, §116. Elliott's App. Proc. §191.

A motion to remove a cause to the United States Court relates clearly to a collateral matter. It is an issue taken upon a matter aside from the merits of the case. The trial court's action denying an application for a change of venue must be presented for review by a bill of exceptions, and we know of no sufficient reason for denying the application of the same rule in a case like that at bar. *Holland* v. *State*, 131 Ind. 568.

Appellee sued for damages for personal injuries alleged to have been sustained by him while in appellant's service. Verdict and judgment for appellee. A reversal is asked upon the ground, among others, that the evidence is insufficient to sustain the verdict.

Section 7083 Burns 1894 makes a corporation liable for damages for personal injury suffered by an employe, he being in the exercise of due care and diligence,—(1) when the injury is suffered by reason of any defect in the condition of ways, works, plant, tools and machinery connected with, or used in the business of, such corporation when such defect was the result of the corporation's negligence, or some person entrusted by it with the duty of keeping such ways, works, plant, tools, or machinery in proper condition; (2) where the injury resulted from the negligence of any person in the service of the corporation to whose order or direction the injured employe at the time of the injury was bound to conform and did conform. This action, as stated in appellee's brief, is based upon "the failure of the appellant to furnish appellee with suitable means of access to the work which he was required to do, and giving him directions to do a particular act with which his superior knew he was unfamiliar, and thus exposing him to unnecessary perils."

Appellee testified that he was twenty-three years old; worked in appellant's mill from December 12, 1894 till injured, July 24th following; that Ora Kinnaman was foreman, and had charge of the employes; for a week or a week and a half before the accident appellee had charge of oiling the mill; on the morning of the accident, after he finished oiling, as he thought, he met Kinnaman. "Well, just after I got through I finished up up-stairs. He wanted to know if I was done. I told him I was. He then spoke about this tightening. He says, 'Did you oil all that belt tightening there, down below?' I told him 'No, that I did not know of it; I did not know of any.' I was up-stairs, and he told me. I told him I did not know anything about the tightener. I asked him where it was, and he told me, and I says, 'How will a fellow get to it?' He says, 'Take the ladder you have been using, and place it against the conveyor, if you can reach it.' " He further testified that after this con-

versation with the foreman he went below with the ladder he had been using, placed it where he thought would be the proper place to get up, off a short distance to one side of the bearing, carrying with him a lighted torch to find the oil holes, stepped from the ladder onto the conveyor, from which he fell.

On cross-examination, he testified that before he started to get up he could see the ladder he had was too short; that it would not reach. When he got to the top, he could see it was not long enough from the place where he put it. He knew the ladder was not long enough to reach the bearing without stepping on some other object. He could see that. He saw and knew he was not close enough before he stepped on the conveyor. Q. "You also knew that it was a difficult matter to stand on that conveyor, and oil both sides of that idler by reaching over it, did you not?" A. "I did not give it so very much thought." Q. "You did not pay any attention to that much." A. "I just thought that was the way to get up to it; that was my view of it." Q. "You did not stop to consider whether there was any other way that was easier to reach it than the way you attempted to reach it?" A. "No, sir."

The instruction given by the foreman was to do the work, and, in doing it, to use the ladder he then had, if with it he could reach the place. No further instructions were given, nor was the foreman present when appellee attempted to do the work. Appellee was left to decide for himself the manner of using the ladder, or whether he would use it at all. A person of mature years and experience, appellee knew equally as much as the master about the defect in the implement he was using. He must know whether an implement so simple in its construction and use as a ladder ten or twelve feet long would answer the purposes for which he was attempting to use it. He placed the ladder in what he thought was the proper place, and used it in a manner wholly determined by himself. He has not shown

that there was no other way to do the work except the manner in which he attempted to do it. The evidence shows there was another ladder long enough to reach the bearing, standing near, which appellee saw at the time, and, although there was evidence that it was too heavy to be moved by one man, yet there was evidence that it had been used for oiling this particular part of the machinery.

No authorities need be cited to the effect that an employer must furnish suitable implements for the employe's use in the performance of the duties required of him, a safe and suitable place in which to work, and instructions and assistants, if the necessities of the work required of the employe demand it. But the employer does not insure the employe against injury. "What he especially engages is," said the court in *Jenney, etc., Co.* v. *Murphy*, 115 Ind. 566, "that he will not expose the employe to danger which is not obvious, or of which the latter has no knowledge or adequate comprehension, and which is not reasonably and fairly incident to and within the ordinary risks of the service which he has undertaken." But where a defect is alike open to the observation of the employer and employe, and necessarily within the comprehension of both alike, and the employe, exercising his own judgment as to the manner of using the appliance, does use it, no recovery can be had for a resulting injury. *Meador* v. *Lake Shore, etc., R. Co.*, 138 Ind. 290; *Indianapolis, etc., R. Co.* v. *Watson*, 114 Ind. 20; *Jenney, etc., Co.* v. *Murphy, supra; Marsh* v. *Chickering*, 101 N. Y. 396, 5 N. E. 56; *Corcoran* v. *Milwaukee, etc., Co.*, 81 Wis. 191, 51 N. W. 328; *Griffin* v. *Ohio, etc., R. Co.*, 124 Ind. 326.

The part of the section of the statute quoted (§7083 Burns 1894), does give a right of action to an employe injured through a defective implement, where such defect results from the negligence of the corporation or of some person entrusted by it to keep the implement in proper con-

dition; and also when injured through the negligence of a foreman to whose orders he was at the time bound to and did conform; but the injured party at the time must have been in the exercise of due care and diligence. The general doctrine of injury through the negligence of a fellow servant, and to some extent that of assumed risk, has no application under this statute. But the statute expressly keeps in force the doctrine of the injured employe's contributory negligence. Appellee had in his own control the manner of using the ladder. From his own evidence, it can not be said that he acted upon the confidence reposed in his employer, but the evidence shows beyond question that he was left to his own discretion as to the manner of using the ladder and the precautions he might take in using it. *Jenney, etc., Co.* v. *Murphy,* 115 Ind. 566.

It is true the jury have weighed the evidence, and that this court can not weigh it. But where, as here, the testimony upon a material element of the case is uncontradicted, we must necessarily determine its legal effect, and in so doing we are not in any sense weighing the evidence. The motion for a new trial should have been sustained. Judgment reversed, with instructions to sustain appellant's motion for a new trial.