MARY E. NEESLEY, PETER NEESLEY, and REGINA NEESLEY, Respondents, v. SOUTHERN PACIFIC COMPANY, Appellants.

No. 1962.   Decided February 3, 1909 (99 Pac. 1067).

1. APPEAL AND ERROR—ASSIGNMENTS OF ERROR—REVIEW. Where the assignments of error are reviewable without a motion for a new trial, the fact that the record does not properly disclose that a motion for a new trial was made and ruled on is immaterial.[1] (Page 262.)

2. APPEAL AND ERROR—RECORD—"JUDGMENT ROLL."—STATUTES. Under Comp. Laws 1907, sec. 3197, defining what papers shall constitute the judgment roll, a petition for removal of the cause to the federal court is not a part of the judgment roll, and, to make it a part of the record on appeal, it and the proceedings thereon must be incorporated into the bill of exceptions, though, under the federal practice, the petition is a part of the record without a bill of exceptions.   (Page 262.)

3. REMOVAL OF CAUSES—PETITION—SUFFICIENCY.   A petition to remove a cause to the federal court must state facts which deprive the state court of the right to proceed, and must show that the federal court has jurisdiction, together with the grounds for which the removal is asked.   (Page 263.)

4. APPEAL AND ERROR—DENIAL OF PETITION TO REMOVE CAUSE TO FEDERAL COURT—REVIEW. Where the order denying the petition to remove the cause to the federal court showed that the removal was refused because the petition on its face disclosed that the federal court had no jurisdiction of the cause, the court on appeal could not, in the absence of the petition, review the ruling.   (Page 263.)

5. MASTER AND SERVANT—INJURY TO SERVANT—"FELLOW-SERVANTS." Under Comp. Laws 1907, sec. 1343, providing that all employees

---

[1] Law v. Smith, 98 Pac. 300.

of a common master, engaged in the same grade of service and working together at the same time and place and to a common purpose, aré fellow-servants, neither a section foreman and those working under him while working on the track nor a telegraph operator engaged in 'the regular course of his employment are fellow-servants of an engineer in the discharge of his duties.[2]  (Page 264.)

6. MASTER AND SERVANT—INJURY TO SERVANT—NEGLIGENCE OF FELLOW-SERVANTS.  Where the acts complained of either related to matters that were nondelegable by the master, or were such as would make the negligence concurring negligence of the master and a servant other than the injured servant, the master could not escape liability for the injuries because of the negligence of a fellow-servant.  (Page 265.)

7. TRIAL—INSTRUCTIONS—CONSTRUCTION AS A WHOLE.  Where, in an action by an employee for personal injuries, the court charged that the jury must find that the employer was guilty of some act of negligence alleged in the complaint, followed by a specific enumeration thereof, an instruction that, if the 'accident was caused by one or more of the acts of negligence set forth in the complaint, then the employer was liable, was not open to the objection that it made the allegation, and not the proof, the test of recovery.  (Page 266.)

8. EVIDENCE—OPINION EVIDENCE—COMPETENCY.  Under the rule that the opinion of an expert based on mere conjecture cannot be accepted as proof of any fact, an experienced railroad operator and an expert in his calling is not competent to state whether in view of his observation at and about a railroad wreck the speed of the train did not exceed 50 miles an hour.  (Page 266.)

9. APPEAL AND ERROR—HARMLESS ERROR—ERRONEOUS ADMISSION OF EVIDENCE.  The error in admitting hearsay evidence to establish a fact subsequently established by other evidence, and not disputed, is not prèjudicial.  (Page 267.)

APPEAL from District Court, Second District.  *Hon. J. A. Howell,* Judge.

Action by Mary E. Neesley and others against the Southern Pacific Company.  From a judgment for plaintiffs, defendant appeals.

AFFIRMED.

---

[2] Pool v. S. P. Co., 20 Utah 210, 58 Pac. 326; Jenkins v. Mammoth Min. Co., 24 Utah 513, 68 Pac. 845.

*P. L. Williams, Geo. H. Smith, Jno. G. Willis,* and *C. R. Hollingsworth* for appellant.

*Messrs. Agee & McCracken* for respondents.

FRICK, J.

The respondents brought this action against the appellant to recover damages for the death of one Frank Neesley, who was the husband of Mary E. Neesley and the son of Peter and Regina Neesley, the respondents herein. The deceased at the time of his death was employed by appellant as locomotive engineer. After alleging the relationship of respondents to the deceased and the corporate capacity and business of appellant, it is, in substance, alleged that the death of said Frank Neesley was caused through the negligence of appellant in failing to exercise ordinary care in the construction of its railroad track; in failing to exercise such care in keeping and maintaining the track in a reasonably safe condition; in failing to exercise proper care in inspecting said track; and in failing to provide a sufficient number of suitable and competent servants to maintain the track in a reasonably safe condition. It is further alleged that, by reason of the negligence aforesaid, the track gave way or the rails spread which caused the engine and train upon which the deceased was an engineer, which was a fast passenger train, to be derailed, and that such derailment caused the death of said Frank Neesley, by reason of which respondents sustained damages. The accident occurred in Box Elder county, in this state. The appellant, after admitting its corporate capacity and business, in effect denied all acts of negligence, and pleaded contributory negligence on the part of the deceased, and further averred that the accident was the result of the acts or omissions of fellow servants of the deceased. Upon substantially the foregoing issues a trial was had to a jury, which resulted in a verdict and judgment for respondents, and hence this appeal.

A preliminary question arises upon an objection of respondents, grounded upon the following facts: That the appellant has failed to incorporate its notice of intention to move for a

new trial into the bill of exceptions; that, unless this is done, there is nothing before this court to show that a motion for a new trial was made and ruled on by the trial court, and, unless this is made to appear in a case tried to a jury, this court cannot review the ruling of the trial court with respect to any matter which requires us to examine into the evidence to determine the correctness of the rulings complained of. This contention cannot be sustained. While we have held in a very recent case (*Walker Brothers Bankers v. Skliris*, 34 Utah 353, 98 Pac. 114) that, in order to bring the notice of intention to move for a new trial to the attention of this court, it must be made a part of the bill of exceptions either by reference or by incorporating it into the bill, for the reason that, under the statute, the notice of intention to move for a new trial is not a part of the judgment roll and cannot be made so by the clerk, yet we have also recently held (*Law v. Smith*, 34 Utah 394, 98 Pac. 300) that a motion for a new trial is not necessary unless it is intended to have this court review matters that occurred after the trial, or where the questions to be reviewed are not otherwise properly raised, as explained in the *Law Case, supra*. There are no assignments of error presented in this case that are not reviewable by this court without a motion for a new trial, and hence, for the purposes of this case, it is of no consequence that the record does not properly disclose that a motion for a new trial was made and ruled on.

The appellant contends that the court erred in denying its petition to remove the cause from the state to the federal court. Respondent insists, however, that this alleged error cannot be reviewed by us for the reason that the petition for removal is not made a part of the record on appeal. In view of section 3197, Comp. Laws 1907, a petition for a removal is not a part of the judgment roll, and, in order to make it a part of the record on appeal, the petition and the proceedings with respect thereto should be incorporated into the bill of exceptions. It is true, as counsel for appellant contend, that under the federal practice the petition for re-

moval constitutes a part of the record without a bill of exceptions. (Moon on Removal of Causes, section 159.) Such, however, is not the practice in the state courts. The state statutes must control with respect to what constitutes the record on appeal in the state courts. It is the general practice in state courts that the petition for removal and the proceedings had with respect thereto are not a part of the record on appeal, and the rulings of the trial courts with respect to such petition are not reviewable by the appellate court unless the petition for removal is made a part of the record by a proper bill of exceptions. (*Wabash, etc., Ry. Co. v. People,* 106 Ill. 652; *Home Ins. Co. v. Hack,* 65 Ill. 111; *Singleton v. Boyle,* 4 Neb. 414; *American Carbon Co. v. Jackson,* 24 Ind. App. 390, 56 N. E. 862; *Rough v. Booth* [Cal.], 3 Pac. 91.) If we should assume, however, that the order of the court refusing to grant the removal of the cause is properly a part of the judgment roll, we would still be unable to review the action of the court in refusing to grant the petition. The order upon its face shows that the removal was refused for the reason that the petition upon its face disclosed that the federal court had no jurisdiction of the cause. The petition for removal must state the facts which deprive the state court of the right to proceed with the case, and it must also appear there-   **3, 4** from that the federal court has jurisdiction, together with the grounds for which the removal is asked. (Moon on Removal of Causes, section 159.) In the absence, therefore, of the petition for the removal of the cause, we cannot review the action of the trial court in refusing to order the cause transferred to the federal court. The trial court may have denied the removal upon the sole ground that from the facts stated in the petition it affirmatively appeared that the federal court had no jurisdiction, and, if this be so, the state court was required to retain and proceed with the case.

It is further contended by appellant that the court erred in refusing its request in which the jury were asked to be instructed that the deceased engineer and the section foreman, the sectionmen, and the telegraph operators were all fellow

servants, and in instructing the jury that the servants referred to above were not fellow servants. The section of our statutes (section 1343, Comp. Laws 1907) which defines under what circumstances employees of a common master are fellow servants, in substance, states that all who are engaged "in the same grade of service and are working together at the same time and place and to a common purpose, neither of such persons being intrusted by such employer with any superintendence or control over his fellow employees, are fellow servants with each other; provided, that nothing herein contained shall be so construed as to make the employees of such employer fellow servants with other employees engaged in any other department of service of such employer. Employees who do not come within the provisions of this section shall not be considered fellow servants." In view of the foregoing language, it is not easy to perceive how it can reasonably be contended that a section foreman and those working under him while working on the track can be held to be fellow servants of an engineer who is engaged in the discharge of the ordinary duties of an engineer. Nor can a telegraph operator be classed as a fellow servant of an engineer so long as each is engaged in the regular course of his employment and while in the discharge of the regular duties assigned to him. The manifest purpose of the statute was to abrogate the common-law doctrine of fellow servants, as the same was applied by the courts, and in doing so to limit the doctrine to those servants only that have no superintendence or control over one another, and who are engaged in the same grade of service and come in contact with one another in the discharge of their general duties, or who may, on occasion, come into contact with one another in the discharge of special duties assigned to them by the master. There is no claim made in this case that at the time of the accident any of the servants referred to were not engaged in the discharge of their general duties, or that they were in the same grade of service, and were working together at the same time and place. In principle this case in not distinguishable from the cases of

*Jenkins v. Mammoth Min. Co.,* 24 Utah 513, 68 Pac. 845, and *Pool v. S. P. Co.,* 20 Utah 210, 58 Pac. 326. Moreover, the section above referred to, which defines who are fellow servants, is, in substance, a copy of the laws of Texas upon this subject. The Supreme Court of Texas has had frequent occasion to construe it, and that court has uniformly held that an engineer under circumstances similar to those disclosed by the record before us is not a fellow servant of either of the other servants mentioned in the request of appellant and in the instruction of the court. Among other cases that might be cited from the Texas Supreme Court, we refer to the following: *San Antonio & A. P. Ry. Co. v. Harding,* 11 Tex. Civ. App. 497, 33 S. W. 373; *Gulf, C. & S. F. Ry. Co. v. Warner,* 89 Tex. 475, 35 S. W. 364; *Masterson v. Galveston, H. & S. A. Ry. Co.* (Tex. Civ. App.) 42 S. W. 1001. If, however, it were held that the servants referred to in appellant's request were fellow servants of the deceased engineer, yet the doctrine that the master is relieved from liability for the negligent acts or omissions of a fellow servant of the injured servant would, in view of the evidence, not apply in this case. The acts and omissions complained of, as appears from the evidence, either related to matters that were nondelegable by the master or were such as would make the negligence concurring negligence of the master and a servant or servants other than the injured servant, and in such event the master may not escape liability.

It is also urged as error that the court did not limit the jury to the evidence in their determination of appellant's negligence. The court, in effect, instructed the jury that they must find from a preponderance of the evidence that the appellant was guilty of some act of commission or omission set forth in the complaint. These acts were specifically enumerated in one instruction, to which no exception was taken and of which no complaint is made. An exception, however, was taken to another instruction wherein the court, in more general language, in effect told the jury that if they found from the evidence that the accident was caused by one or more of

the acts of negligence set forth in the complaint, then, etc. It is now urged that this was, in effect, making the allegation, and not the proof, the test of recovery. We cannot agree with counsel. The jury were, in effect, told that they must find negligence; but, if they found that any one or more of the acts of negligence alleged in the complaint had been established by a preponderance of the evidence, then they were authorized to find against appellant upon that question. We are clearly of the opinion that the court committed no error in this regard.

It is further contended that the court erred in excluding certain opinion or expert evidence offered by appellant. Appellant contended at the trial that the engineer was guilty of negligence which caused or directly contributed to the accident, in that he ran his train at the time of the accident at a rate of speed greater than that permitted by appellant's rules of which he had due notice. The witness whose testimony was excluded arrived at the scene of the wreck a few hours after the accident, and after some attempt had been made by others to clear the track. The witness, after explaining the condition and situation of the track, the engine, and coaches, and other things, was in effect, asked to state what in his opinion the speed of the train was at the time of the accident; and, further, whether or not in his opinion, in view of all he saw and observed at and about the wreck, the speed of the train did or did not exceed a speed of fifty miles an hour, the limit of speed allowed by appellant. The court did not permit the witness to give his opinion with regard to the speed of the train. It is a matter of common knowledge that, owing to the operation of physical laws, a speed of fifty miles an hour will produce sufficient momentum to the cars in a train to cause great havoc and confusion in case the speed is suddenly arrested by some obstruction on or defect in the track which causes a derailment of the train. No doubt a witness, by merely viewing the condition of a wrecked train, may form some opinion as to whether the cars composing the train were moving or standing still, the direction of the

movement and, possibly, that they were moving at some considerable rate of speed, but the question whether they were moving at a rate of fifty or more or less miles an hour to produce a particular result must in the very nature of things be a mere conjecture. In this regard it can make no difference that the witness whose opinion is asked is an experienced railroad operator and an expert in his calling. The difficulty with opinion evidence upon matters of the character now under consideration lies deeper than this. Where opinions of experts are admissible, they must be based upon something more tangible than mere conjecture, and, if it is apparent that the opinion offered in evidence is necessarily conjectural, it cannot be accepted as proof of any fact, regardless of the expert character of the witness. Therefore the court committed no error in excluding this testimony.

There are a number of additional assignments of error relating to the admission of evidence on behalf of respondents, which was admitted over the objections and exceptions of appellant. A specific reference to the evidence admitted is not deemed necessary. While some of the objections made by appellant's counsel were technically meritorious on the ground that the evidence was hearsay, and therefore should have been excluded by the court, yet, in view of the evidence introduced by respondents after the ruling of the court directly covering the point sought to be established by the evidence objected to, and, further, because there was no dispute with respect to such fact, we are clearly of the opinion that the appellant was not prejudiced by the rulings of the court. Nor was the appellant prejudiced by the admission of any other evidence which was objected to and admitted over its objections.

The judgment is affirmed, with costs.

STRAUP, C. J., and McCARTY, J., concur.