Hill v. Southern Pacific Co.

HENRY A. HILL, Jr., an Infant, by JOHN A. HILL, his guardian ad litem, Respondent, v. SOUTHERN PACIFIC COMPANY, a Corporation, Appellant.

EVIDENCE—SUFFICIENCY OF—PROVINCE OF TRIAL COURT AND JURY—CONST. ART. 8, SEC. 9—CONTRIBUTORY NEGLIGENCE—CONFLICTING EVIDENCE—DETERMINATION OF JURY FINAL—DELIBERATIONS OF JURY—ON ·QUESTION OF CONTRIBUTORY NEGLIGENCE—WHAT MAY BE CONSIDERED—DUTY OF EMPLOYER—ORDINARY CARE—AS TO APPLIANCES AND INSTRUMENTALITIES—AS TO SAFE PLACE IN WHICH TO WORK—FAILURE TO EXERCISE ORDINARY CARE—LIABILITY OF EMPLOYER—MASTER AND SERVANT—ASSUMPTION OF RISK—RISKS NOT ASSUMED.

1. EVIDENCE: SUFFICIENCY OF: PROVINCE OF TRIAL COURT AND JURY: CONSTITUTION, ARTICLE 8, SECTION 9. Under Constitution, article 8, section 9, the question of the sufficiency of the evidence, to support a verdict or judgment, in a case at law, when there is some testimony to support it, is exclusively within the province of the trial court and the jury.[1]

2. CONTRIBUTORY NEGLIGENCE: CONFLICTING EVIDENCE: DETERMINATION OF JURY FINAL. Where the question of whether or not the plaintiff was guilty of contributory negligence, has been determined by the jury, upon conflicting evidence, their judgment is final.[1]

3. DELIBERATIONS OF JURY: ON QUESTION OF CONTRIBUTORY NEGLIGENCE: WHAT MAY BE CONSIDERED. In the deliberations by a jury, upon the question of contributory· negligence, they have a' right to take into consideration, plaintiff's age, inexperience and lack of knowledge or understanding of the risks incident to his employment, in the absence of any explanation to him, of the dangers connected therewith, by his employer.[2]

[1]Nelson v. Southern Pac. Co., 15 Utah 325; Harrington v. Eureka Hill Mining Co., 17 Utah 300.
[2]Anderson v. Daly West Mining Co., 15 Utah 22.

Hill v. Southern Pacific Co.

4. DUTY OF EMPLOYER: ORDINARY CARE: AS TO APPLIANCES AND INSTRU-
MENTALITIES: AS TO SAFE PLACE IN WHICH TO WORK: FAILURE TO
EXERCISE ORDINARY CARE: LIABILITY OF EMPLOYER. An employer owes
a duty to his servant to use ordinary care and diligence to provide
for use, in the service, such sound and sufficient appliances or instru-
mentalities, as are reasonably calculated to insure the safety of
the servant in performing the service; he is also bound to use
ordinary care and skill to discover and repair defects in such
instrumentalities, and to exercise reasonable caution and prudence
to provide the servant a reasonably safe place in which to perform
the service; if the employer fails in either of these respects and in-
jury results to the servant because of such failure, the employer will
be liable, and where, as in the case at bar, the evidence as to such
matters is conflicting, the determination of the jury will not be dis-
turbed.

5. MASTER AND SERVANT: ASSUMPTION OF RISK: RISKS NOT ASSUMED.
While a servant, upon employment, assumes all ordinary risk thereof
he does not assume risks caused by the negligence of his employer.

Decided January 5, 1901.

Appeal from the Second District Court, Weber County.—*Hon.
H. H. Rolapp,* Judge.

Action to recover damages for personal injuries alleged
to have been caused through the negligence of defendant com-
pany. From a judgment for plaintiff, defendant appealed.

AFFIRMED.

*Messrs. Marshall, Royle & Hempstead* for appellant.

It is an elementary legal proposition that it is one of the
risks of the employment, that with the ordinary implements
and tools used in the performance of his labor, the servant or
employee assumes the risk, unless it is some hidden defect or
complicated machinery with which the master should be fa-

miliar and the servant ignorant.   Bailey's Master and Servant, p. 209; Marsh v. Chickering, 101 N. Y. 396; Gowen v. Hanley, 56 Fed. Rep. 974; Bordon v. Mail Co., 74 N. W. Rep. 91; La Pieere v. Ry. Co., 58 N. W. Rep. 60; Kinney v. Corbin, 132 Pa. St. 341; Miller v. R. R. Co., 47 N. Y. St. Rep. 285; Wacksmith v. Shaw Electric Crane Co., 76 N. W. Rep. 498; 18 A. and E. R. R. Cases, 209; 15 A. and E. R. R. Cases, 209; 9 S. E. Rep. 1049; 8 S. E. Rep. 629; 83 Ga. 70; 47 N. Y. Supp. 285; 85 Tex. 16.

*Messrs. Zane & Rogers,* and *W. R. White, Esq.,* for respondent.

The Constitution provided that "In equity cases the appeal may be on questions of both law and fact; in cases at law the appeal shall be on questions of law alone."   Sec. 9, art. 8, Constitution Utah; Nelson v. S. P. Co., 15 Utah 325; Harrington v. Eureka Hill Min. Co., 17 Utah 300.

In determining whether plaintiff acted with due care and as to whether he was guilty of contributory negligence, the law required the jury to take into consideration the fact that he was young and without experience in the work in which he was engaged.   For that reason it is probable he did not appreciate the danger of working under cars.   He must be judged from the standpoint of his age, his inexperience, his lack of knowledge and his capacity.   Anderson v. The Daly Mining Co., 15 Utah 22; Wroth v. N. P. L. Co., 18 Or. 205, 211 and 213; Hungerford v. Chicago M. & St. Paul R. R. Co., 41 Minn. 444; Louisville, St. Albany & Chicago Ry. Co. v. Frawley, 110 Ind. 18; 1 Shearman & Redfield on the Law of Negligence (5 Ed.), secs. 219 and 219a.

The master is bound to observe all the care which prudence and the exigencies of the situation require in providing the

servant with machinery or other instrumentalities adequately safe for use by the latter, as well as to exercise all reasonable care and provide him a reasonably safe place in which to work, and if the master fail in either respect he is responsible to the servant for injury in consequence of said negligence. Hough v. Railroad Co., 100 U. S. 213, 217; Steele Co. v. Schymanowski, 162 Ill. 455; 1 Shearman & Redfield on the Law of Negligence, sec. 194 and 194a; Northern Pacific R. R. Co. v. Herbert, 116 U. S. 642.

There does not appear to be any evidence that plaintiff was guilty of any negligence contributing to his injury. If it were conceded there was some evidence of his negligence, certainly there is a good deal tending to prove he was not, and that being the case the finding of the jury must be regarded as final. Dwyer v. Salt Lake City, 19 Utah 521; Frank v. Mining Co., 19 Utah 35; Dryburg v. Mining & Milling Co., 18 Utah 410; Mangum v. Bullion Beck Mining Co., 15 Utah 534; Anderson v. The Daly Mining Co., 15 Utah 22; Harrington v. Eureka Hill Mining Co., 17 Utah 300; Nelson v. S. P. Co., 15 Utah 325.

If the negligence of defendant and plaintiff's fellow servants together caused the injury to plaintiff, the defendant was liable. Wright v. S. P. Co., 14 Utah 383 (398); Shearman & Redfield on the Law of Negligence, secs. 187-188; Railway Co. v. Cummings, 106 U. S. 700.

### STATEMENT OF FACTS.

This is a suit to recover damages for personal injuries alleged to have been caused through the negligence of the defendant company.

It was alleged in the complaint, *inter alia*, that Henry

A. Hill, Jr., was on August 4, 1898, in the employ of defendant as a car-repairer, and on that day was required to and did go under a box car on the company's railroad track for the purpose of repairing the car; that the car was standing on four wooden supports, known as candlesticks, its trucks having been removed; that the candlesticks "had become old, weakened, defective, broken and worn out, and were insufficient, inadequate and unsafe to be used" for the purpose of supporting the car; that this was known to the defendant; that while said Hill was so under the car for the purpose of making repairs, the car, because of the broken, defective and insufficient condition of the candlesticks, fell upon him and caused the injuries for which he seeks redress.    The answer denies all the allegations of the complaint, referring in any way to any defective condition, or the inadequacy or insufficiency of the candlesticks.

From the evidence, it appears that Henry A. Hill, Jr., the complainant, at the time of the accident, was a minor under nineteen years of age; that he was employed as car repairer, by the company, on August 3, 1898; that he was inexperienced and had never seen or used candlesticks previous to his employment; that an empty box car, weighing, without trucks, about ten or twelve thousand pounds, was placed on the repair tracks in the company's yard to be repaired; that certain employees of the company removed the trucks and placed four candlesticks under the car, one under each corner; that on account of the difference in height of the candlesticks or unevenness of the floor on which they stood, blocks were placed on top of two of the candlesticks; that the blocks and candlesticks were selected by the workmen; that there were about twenty-five to thirty candlesticks to select from; that on August 4, 1898, the plaintiff, with three other employees, began to repair the car; that he went under it to tighten some bolts with a wrench; that while he was so at work screwing up a nut, the

car fell and injured him; and that all the candlesticks but one fell over with the car and that one of them was broken.    Just what caused the candlestick to break, whether the weight of the car, or the falling of it thereon, does not clearly appear.    Nor is the evidence harmonious as to what was the immediate cause of the car falling.  There is evidence tending to show that the candlesticks, if properly placed under the car, were sufficient to support it, and there is evidence tending to show that the candlesticks were old, worn and unsafe, and that occasionally such candlesticks would break, one of the witnesses stating that he had several times seen the same kind break.

The witness Sharp testified that just before the car fell, the plaintiff was jerking, and that he told him to "pull steady on the wrench," and then told him to "look out, the car is falling."

The plaintiff testified that he did not hear Sharp's warnings; that he had no difficulty at his work; that the nuts all worked perfectly easy; and that all he did was to screw them up.

The witness Sharp also stated that the plaintiff assisted in placing the candlesticks under the car, while the plaintiff testified that he "had nothing to do with putting them under the car," and that he "never touched them."

It further appears that each morning all the workmen in the shops, including the complainant, were given a time card on which were printed the words:  "Examine personally scaffolding, tackle and all other appliances before trusting them," but the complainant stated that he never saw these words on his card.    Otherwise there appears to be nothing to show that he was notified or cautioned about any danger before entering upon the duties of his employment.    At the trial, the jury returned a verdict in favor of the plaintiff in the sum of $7,150, and judgment was entered accordingly.    Thereupon the defendant appealed.

A statement of the case as above having been made, BARTCH, C. J., delivered the opinion of the court:

The appellant, in the first instance, insists that the evidence fails to show, in accordance with the allegations of the complaint, that the candlesticks, which supported the car under which the plaintiff was injured, were defective, insufficient or unsafe, for the purpose for which they were being used, and that, therefore, the proof fails to justify the verdict and judgment. This was a question of fact to be determined by the jury, and without referring to the evidence in detail, it suffices to say that there is some evidence in the record, tending to show that the candlesticks were defective and unsafe, for the use to which they were put, while there is also evidence tending to show that they were sufficient and safe for such use. The testimony being thus conflicting, and this being a case at law, we have no power to determine on which side the proof preponderates. Sec. 9, art, 8, Const. The question of the sufficiency of the evidence, in a case at law, to support a verdict or judgment, where there is some testimony to support it, is exclusively within the province of the trial court and the jury. Nelson v. Southern Pacific Co., 15 Utah 325; Harrington v. Eureka Hill Min. Co., 17 Utah 300.

It is further insisted by the appellant, that the plaintiff was guilty of contributory negligence, in so forcibly jerking the wrench, while tightening the nut on the bolt, as to cause the car to sway and fall upon him. That the injured party himself caused the car to fall upon him, is an assumption which we can not say is justified by the evidence. It is true, the witness Sharp stated that the plaintiff was jerking the wrench and that he told him to pull steady, but on the other hand the plaintiff testified that he did not hear Sharp's warnings, and that the nuts all worked perfectly easy, and that the

proof fails to show that more force was used than was necessary to perform the work to which he had been assigned. Then the evidence shows that the plaintiff was young and never had any experience at such work, having worked about the cars but one day—the day previous to the accident—and that he never had any experience in the use of such mechanical instruments until the morning he was injured. There is also evidence indicating that the car fell because the candlesticks were insufficient to support it. Under this and other testimony, some of which is conflicting, it was clearly the province of the jury to determine whether or not the plaintiff was guilty of contributory negligence, and having determined this in the negative, upon conflicting evidence, their judgment is final. Nelson v. So. Pac. Co., supra. And in their deliberations upon this question they had a right to take into consideration his age, inexperience and any lack of knowledge or understanding of the risks incident to his employment, in the absence of any explanation to him of the dangers connected therewith, by his employer. "After all, it is not so much a question whether the party injured has knowledge of all the facts in his situation, but whether he is aware of the danger that threatens him. What avails it to him that all the facts are known if he can not make the deduction that peril arises from the relation of the facts? The peril may be a fact in itself of which he should be informed." McGowan v. La Plata Min. & S. Co., 9 Fed. Rep. 861; 1 Shear. & Red. Neg., sec. 219; Anderson v. The Daly West Min. Co., 15 Utah 22; Roth v. N. P. L. Co., 18 Or. 205; The Louisville, New A. & C. R'y Co. v. Frawley, 110 Ind. 18; Hungerford v. C. M. & St. P. R'y Co., 41 Minn. 444.

Nor can the position of the appellant, that the injury sustained by the respondent was caused by his own negligence and that of his fellow servants in selecting, placing and ad-

justing the candlesticks and blocks placed underneath the car, be upheld in view of the evidence upon this point. It is true, there is testimony tending to show the candlesticks and blocks were not placed properly under the car by the employees, and that this caused the car to fall, but then there is also evidence indicating that the candlesticks were unsafe from use and wear, and insufficient to support the weight of such a car, and that this caused the car to fall. As to whether the plaintiff had any thing to do with the placing of the candlesticks under the car, the proof, as we have seen, is conflicting.

Under such testimony as appears in this record, it was clearly the province of the jury to determine what was the proximate cause of the injury, and they must have found that the injury was occasioned because of defective candlesticks and blocks, or appliances, and not through the negligence of the injured or his co-employees. Such being the fair inference of the action of the jury this point furnishes no ground for interference with the verdict, for an employer owes a duty to his servant to use ordinary care and diligence to provide for use, in the service, such sound and sufficient appliances or instrumentalities as are reasonably calculated to insure the safety of the servant in performing the service. The employer is also bound to use ordinary care and skill to discover and repair defects in such instrumentalities, and to exercise reasonable caution and prudence to provide the servant a reasonably safe place in which to perform the service. If the employer fails in either of these respects and injury results to the servant because of such failure, the employer will be liable for the injury. 1 Shear. & Red. Neg., sec. 194; Hough v. Railway Co., 100 U. S. 213; Northern Pacific R. R. Co. v. Herbert, 116 U. S. 642; Illinois Steel Co. v. Schymanowski, 162 Ill. 447.

Nor, under the evidence in this case, can we say, as is

insisted by the appellant, that the injury, received by the plaintiff, was one of the risks assumed by him when he entered the employ of the company.  The respondent can not be held to have assumed the risk of defective and unsafe appliances, which the jury evidently found were the proximate cause of the injury.  While a servant, upon employment, assumes all the ordinary risks thereof, he does not assume risks caused through the negligence of the employer.  Whatever may be the real facts as to the exact cause of the accident and injury in this case, the evidence is of such a conflicting character that we must regard the determination of the trial court and jury, upon the questions of fact, as conclusive.  The questions presented by the assignments of error but not argued in the briefs of counsel, we do not feel called upon to discuss herein.

The judgment is affirmed, with costs.  *Miner* and *Baskin, JJ.,* concur.