# Dollar Savings Fund & Trust Co., Exr., *v.* Pennsylvania Co., Appellant.

*Negligence—Railroads — Master and servant — Assumption of risk—Knowledge of risk—Case for jury.*

1. An employee must know the circumstances and appreciate the risk before he will be held to have assumed it.

2. In an action against a railroad company to recover damages for death of a yard brakeman employed by defendant, the case is for the jury, where the evidence shows that deceased was squeezed to death while walking between a car and a wall, on a siding where he had never been before, that he had not been warned that the place was a dangerous point, and that no warning signals had been given to him before the accident.

Argued October 19, 1921. Appeal, No. 201, Oct. T., 1921, by defendant, from judgment of C. P. Allegheny Co., April T., 1919, No. 2188, on verdict for plaintiff, in case of Dollar Savings Fund & Trust Company, Executor of William H. White, deceased, v. Pennsylvania Co. Before FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Trespass under Federal Employers' Liability Act for death. Before HAYMAKER, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $8,000, on which judgment was entered for $6,500. Defendant appealed.

*Error assigned,* inter alia, was refusal of motion for judgment n. o. v., quoting record.

*Robert D. Dalzell,* of *Dalzell, Fisher & Dalzell,* for appellant, cited: Jacobs v. Ry., 241 U. S. 229; Reed v. Director General, 267 Pa. 86; Curtis v. R. R., 267 Pa. 227; Shea v. R. R., 267 Pa. 516.

DOLLAR S. FUND & TR. CO., Exr., *v.* PA. CO., Appel. 365

1922.]        Arguments—Opinion of the Court.

*Robbin B. Wolf*, of *McCreery & Wolf*, for appellee, cited: Schaefer v. Ice Co., 238 Pa. 367; Falyk v. R. R., 256 Pa. 397; Swartz v. Bergendahl-Knight Co., 259 Pa. 421; Seaboard Air Line v. Horton, 233 U. S. 492; Texas & P. R. R. v. Swearingen, 196 U. S. 51; Eicher v. Lumber Co., 268 Pa. 589, and Gila Val., G. N. & N. R. R. v. Hall, 232 U. S. 94.

PER CURIAM, January 3, 1922:

Plaintiff's decedent, with others of the train crew of which he was a member, was engaged in shifting cars from a main track over a switch into an industrial plant and while so occupied received injury from which he died two hours later. A verdict was rendered in favor of plaintiff for $8,000 which the court reduced to $6,500. From judgment entered thereon defendant appealed.

The facts are practically undisputed and are as follows: Two cars, a gondola and box car, were detached from a train to be placed in the yard of an industrial plant. Running along the track of the switch was a wall or cribbing, about five feet high, constructed of railroad ties. At the end of the switch, adjoining the main track, was an open space of ten or twelve feet between the switch and the cribbing, this space gradually contracting until the apex of a curve in the track and cribbing was reached, at which point the two came quite close together. The testimony fails to fix the exact distance between them. In shifting the cars deceased, as was his duty, "threw a switch" located near the apex of the curve and while walking toward the final destination of the two cars was caught at the apex of the curve between the gondola car and the cribbing, as the car "bellied" toward the wall in rounding the curve, inflicting the injury which resulted in the death of appellee's decedent. Deceased had been in the employ of defendant company for thirty-five years, during which time he was engaged in clerical work, except the two weeks immediately preceding his death, when his employment was

with the yard crew as flagman. He had not been over this switch before the day of the accident. There was no warning sign of danger and he had not been warned that the curve was a dangerous point.

The statement of the question involved is, "Whether a yard workman assumed the risk when squeezed to death while walking in between a car and a wall on a siding where he never had been before and where there was no warning sign?" An employee must know the circumstances and appreciate the risk before he will be held to have assumed it. Here we have no evidence that deceased was aware that the middle of the car would swing toward the wall in rounding the curve, or that the open space at the curve would be decreased by the car's movement and made more hazardous than at other points along the cribbing or that the situation was so plainly observable that he must be presumed to have known his safety was jeopardized: Swartz v. Bergendahl-Knight Co., 259 Pa. 421; Texas Pacific R. R. v. Swearingen, 196 U. S. 51. The question involved in this case was clearly for the jury and was submitted by the court below in a fair charge.

The judgment is affirmed.