TAYLOR v. LOS ANGELES & S. L. R. CO.

No. 3932.   Decided May 29, 1923.   (216 Pac. 239.)

1. PLEADING—PERMITTING REPLY IN PERSONAL INJURY ACTION TO BE FILED OUT OF TIME HELD NOT ERROR. Where, in an employee's action for injuries from defendant's failure to furnish proper tools and a sufficient number of employees to move a heavy piece of machinery, defendant pleaded assumption of risk, it was not error to permit plaintiff at the commencement of the trial and more than 10 days after the filing of the answer to file a reply alleging that he had objected to the insufficient number of employees and to the kind of tools used, but that defendant had assured him that they were sufficient and safe.

2. APPEAL AND ERROR—OBJECTION TO ALLOWANCE OF FILING OF REPLY HELD NOT TO RAISE OBJECTION AS TO INSTRUCTION. Where, in a personal injury case, the court allowed plaintiff to file a reply to the answer out of time and the court submitted to the jury the matter contained in such reply, no objections to such instruction could be reviewed when the giving of the instruction had not been assigned as error; an assignment of error that the court erred in overruling defendant's objection to the filing of a reply not being sufficient.

3. MASTER AND SERVANT—SHOWING SUFFICIENT TO MAKE CASE FOR JURY. To entitle plaintiff in a personal injury action against his employer to go to the jury, it is necessary for him to introduce merely such evidence as will raise a fair presumption, of defendant's negligence and of resulting injury to himself.[1]

4. MASTER AND SERVANT—NEGLIGENCE IN UNLOADING HEAVY MACHINERY HELD FOR JURY. In an employee's action for personal injuries sustained when a heavy piece of machinery which he and two mechanics were engaged in moving from a truck to the floor fell against him, evidence as to defendant's negligence in regard to the method of unloading *held* sufficient to justify a submission of defendant's negligence to the jury.

5. MASTER AND SERVANT—ASSUMPTION OF RISK FOR JURY IF REASONABLE MEN WOULD DIFFER. The test of the propriety of submitting the question of assumption of risk by an employee injured to the jury is whether reasonable men would differ in the conclusion drawn from the evidence, and, if a verdict against the claim of assumption of risk can reasonably be found by the jury in the honest discharge of their duty, the question must be submitted.[2]

6. MASTER AND SERVANT—ASSUMPTION OF RISK BY EMPLOYEE MOVING HEAVY MACHINERY HELD FOR JURY. Where a mechanic's helper, while engaged with two mechanics in unloading a heavy piece of machinery from a truck to the floor on a plank, was injured by the machinery falling against him, the question of assumption of risk was for the jury under the evidence.

7. MASTER AND SERVANT—BURDEN OF PROVING ASSUMPTION OF RISK UPON DEFENDANT. The burden of proof of assumption of risk is upon defendant.[3]

8. APPEAL AND ERROR—FAILURE TO MODIFY INSTRUCTION NOT ERROR IN ABSENCE OF REQUEST THEREFOR. Error cannot be based upon the giving of a particular instruction on the ground that it should have been modified or limited when no request for such

[1] *Johnson* v. *Silver King C. M. Co.*, 54 Utah, 34, 179 Pac. 61; *Tuckett* v. *Am. S. & H. L.*, 30 Utah, 273, 84 Pac. 500, 4 L. R. A. (N. S.) 990, 116 Am. St. Rep. 832.

[2] *Tuckett* v. *Am. S. & H. L.*, 30 Utah, 273, 84 Pac. 500, 4 L. R. A. (N. S.) 990, 116 Am. St. Rep. 832; *Toone* v. *O'Neill Const. Co.*, 40 Utah, 265, 121 Pac. 10; *Kuchenmeister* v. *L. A. & S. L. R. Co.*, 52 Utah, 116, 172 Pac. 725; *Russell* v. *Borden's C. M. Co.*, 53 Utah, 457, 173 Pac. 633.

[3] *Dimmick* v. *Utah F. Co.*, 49 Utah, 430, 164 Pac. 872.

modification or limitation is made as provided by Comp. Laws 1917, § 6803.[4]

Appeal from District Court, Fourth District, Utah County; *Elias Hansen,* Judge.

Action by Albert P. Taylor against the Los Angeles & Salt Lake Railroad Company. Judgment for plaintiff, and defendant appeals.

AFFIRMED.

*George H. Smith, J. V. Lyle, R. B. Porter,* and *Dana T. Smith,* all of Salt Lake City, and *J. H. McDonald,* of Provo, for appellant.

*Parker & Robinson,* of Provo, and *J. Robert Robins,* of Salt Lake City, for respondent.

CHERRY, J.

This action is to recover damages for personal injuries sustained by plaintiff while employed by defendant as a mechanic's helper, in its machine shops at Provo, Utah. A trial by jury resulted in a verdict for plaintiff, and from the judgment entered thereon defendant appeals.

The grounds of liability, as alleged in the complaint, are, in brief, that the plaintiff was directed to assist in moving a heavy machine from a freight car to the machine shops, and that the defendant negligently and carelessly failed and omitted to furnish fit and proper tools, or sufficient number of employees, or a fit and proper place for the work, and that while unloading the machine from a push car in the machine shop the defendant's agents and servants carelessly and negligently placed planks and rollers under the machine

---

4 *Salt Lake & U. R. R. Co.* v. *Schramm,* 56 Utah, 53, 189 Pac. 90; *State* v. *Chynoweth,* 41 Utah, 354, 126 Pac. 302; *State* v. *Macmillan,* 46 Utah, 19, 145 Pac. 833; *Valiotis* v. *Utah Apex Min. Co.,* 55 Utah, 151, 184 Pac. 802; *State* v. *Talarico,* 57 Utah, 229, 193 Pac. 860.

in such manner as to cause the machine to be thrown against and on the plaintiff, thereby causing the injuries complained of.

The defendant denied the alleged acts of negligence and pleaded that the kind and condition of tools, the number of employees, the condition of the premises, and the means of placing and using the tools, were all open, obvious, and known to plaintiff, and that the risk was assumed by him, and that he was accordingly precluded from recovering damages for his alleged injuries.

At the commencement of the trial, and more than 10 days after the filing of the defendant's answer, the plaintiff was permitted, over objections, to file a reply to the answer, alleging, in general, that plaintiff had objected to the insufficient number of employees, to the condition of the premises, and to the kind of tools and appliances proposed to be used, but that defendant's agents assured him that they were sufficient and safe, and that plaintiff relied thereon and continued to perform the services as he was directed.

Appellant predicates error on account of the filing of the reply. No motion for continuance was made by defendant, and no injury whatever is shown to have been suffered by defendant on account of the filing of the reply. 1 The filing of pleadings out of time is generally a matter of discretion with the trial court, and when, as in this case, it does not appear that the opposite party is prejudiced, there is no error in permitting it.

Appellant's counsel argues at considerable length that the filing of the reply was prejudicial to it because the court later submitted the matter contained in the reply to the jury, and claims there was no evidence in support of it. Numerous cases are cited to the effect that it is error to submit abandoned issues, or issues in support of which there is no evidence, to the jury. Without conceding that the error is sustained, if properly before this court (because there was some evidence on the subject), we are precluded from reviewing the objections to the instruction for the reason that the giving of the instruction is not assigned as error. Ap-

pellant's assignment of error in this respect is that the court erred in overruling defendant's objection to the filing of the reply. The error and prejudice complained of, if any, arose, not from the filing of the reply, but from the giving of the instruction, the giving of which is not assigned as error.

When the plaintiff rested his case the defendant moved for a nonsuit, which was overruled, and, when the evidence was all in, requested the court to direct a verdict for defendant, which was denied. The motion and request were on the grounds that the evidence did not establish negligence, and that it did establish the assumption of the risk by plaintiff. These questions require a statement of the plaintiff's evidence. Plaintiff furnished proof of substantially the following facts:

The plaintiff had been employed by the defendant as a mechanic's helper for two years or more previous to the time he was injured. He worked under a mechanic, and his duties were described by himself to be "to assist the mechanic in repairing engines. Do whatever he told me to do that was in that line, such as to get tools, return them to the tool room, using jacks to lift parts of the engine or engines, and do other things that might occur in that line." On December 31, 1920, he was directed to assist two mechanics in unloading a flue welding machine, also called a "flue roller," weighing from 600 to 1,000 pounds, from a freight car and taking the same to the machine shop, where it was to be installed. They removed the machine from the freight car to a small push car, by placing two wooden planks between, and, by means of rollers placed under the machine, rolled it on the planks to the push car. They then pushed the machine on the small car into the machine shop where it was to be installed. Before starting to unload it, the plaintiff said "the machine was too heavy, and I thought we ought to leave it until another day and get the bull gang to unload it." Whereupon Mr. Leeks, his superior, and one of the mechanics in charge said:

"Mr. Hall said to get it off to-night, and it will only take a few minutes to get it off if we hurry; then it will be off."

There was ice on the floor of the machine shop, the existence of which the plaintiff had known for several days. When the machine fell against plaintiff his feet slipped, but he said he did not think the slippery condition of the floor had anything to do with the accident.

The plaintiff described the accident as follows:

"We pushed it in about 125 feet, as close as we could to where it was to be installed. We got it as near as we could to that place. Mr. Leeks gets a plank, and I goes to get another plank, so that there would be two planks, the same as when we got it out of the box car. We put the plank through under the machine between these two runners that were fastened onto the machine, and it projected straight out parallel to the bottom of the car and was standing there in the air out above the floor. I went to get another plank and was coming with it, and he says, Mr. Leeks says: 'This will be all right. We can put some rollers under it and she will go all right.' So I drops the plank that I had. Me and Mr. Leeks raised the machine up, and Houseman placed the rollers under it. Mr. Leeks was standing on the back of the push car, on the push car back of the machine, and these rollers were setting under the 2x4 that was nailed onto the machine and on the plank that we were to roll it down. He says: 'Taylor, you get on that side and Houseman on that side, and steady the machine. Hold on to it, and when I raise it up it will tip the plank down and she will roll down onto the floor.' Mr. Houseman got on the other side, and Mr. Leeks stood on the push car back of the machine with a bar. He pried up on the machine, and the plank came with it, and as it got on an incline headed down the plank the rollers and all came and knocked me down and fell across my leg, and I knew that my leg was broken."

It was further shown that the top of the push car, upon which the machine stood, was about 20 inches from the floor; that the machines was 45 inches high; that the width of the plank placed under the machine, upon which to roll it to the floor, was 8 inches less than the width of the machine.

To entitle the plaintiff to go to the jury it is necessary for him to introduce merely such evidence as will raise a fair presumption of the defendant's negligence and of resulting injury to himself, and where the question is doubtful it is for the jury. *Johnson* v. *Silver King C. M. Co.*, 54 Utah, 34,

179 Pac. 61. It is not pointed out, nor is it possible to determine from the evidence, the particular act or omission which caused the accident. This is not required. It is sufficient if the jury may properly infer that the accident was caused by the defendant's negligence. 4 Labatt's Master & Servant, § 1603; *Tuckett* v. *Am. S. & H. L.*, 30 Utah, 273, 84 Pac. 500, 4 L. R. A. (N. S.) 990, 116 Am. St. Rep. 832. "The facts and circumstances must be considered as a whole, and cannot be segregated into groups or parts for the purpose of deducing inferences." *Johnson* v. *Silver King C. M. Co.*, supra.

We are unable to say, as a matter of law, that the facts and circumstances in this case, considered as a whole, do not afford a "satisfactory foundation" for a finding of defendant's liability under proper instructions of law. Whether due care required two planks, or a wider plank, upon which to roll the machine; whether, in the circumstances, the machine could be handled with reasonable safety by three men; whether the icy and slippery condition of the floor exposed the plaintiff to unusal danger; whether the tilting of the narrow plank loaded with the machine, from the level of the push car to the floor, was a reasonably careful method or manner of unloading the machine—are all real questions the answers to which are not plain.

The question of defendant's negligence was properly submitted to the jury.

The further argument is made that the evidence conclusively shows that plaintiff assumed the risk of the transaction which resulted in his injuries and for that reason the case should not have been submitted to the jury.

Appellant has cited a large number of cases, some from this court in which it is held as a matter of law that the risk was assumed. These cases furnish but little aid in the determination of the case at bar because every case depends upon its particular facts. The test of the propriety of submitting the question to the jury is whether reasonable men would differ in the conclusion drawn from the evidence. If a verdict against the claim of assumption of risk could rea-

sonably be found by the jury in the honest discharge
of their duty, the question must be submitted to them.
C. & E. R. Co. v. Ponn, 191 Fed. 682, 112 C. C. A.
228; Carter v. K. C. S. Ry. Co. (Tex. Civ. App.) 155 S. W.
638.

Unless the assumption of the risk is plainly shown, the
question is properly left to the determination of the jury.
C. O. & R. R. Co. v. McDada, 191 U. S. 64, 24 Sup. Ct. 24,
48 L. Ed. 96. In the following cases it was held that under
the evidence the question of assumed risk could not be de-
termined as a matter of law by the court and was properly
submitted to the jury: Tuckett v. Am. S. & H. L., 30 Utah,
273, 84 Pac. 500, 4 L. R. A. (N. S.) 990, 116 Am. St. Rep.
832; Toone v. O'Neill Const. Co., 40 Utah, 265, 121 Pac. 10;
Kuchenmeister v. La. & S. L. R. Co., 52 Utah, 116, 172 Pac.
725; Russell v. Borden's C. M. Co., 53 Utah, 457, 173 Pac.
633; C. & E. R. Co. v. Ponn, 191 Fed. 682, 112 C. C. A. 228;
L. & N. R. Co. v. Lankford, 209 Fed. 321, 126 C. C. A. 247;
C., N. O. & T. P. Ry. Co. v. Thompson, 236 Fed. 1, 149 C.
C. A. 211; Choctaw, O. & G. R. R. Co. v. McDade, 191 U. S.
64, 84 Pac. 500, 4 L. R. A. (N. S.) 990, 116 Am. St. Rep. 832;
Springfield Boiler & Mfg. Co. v. Parks, 222 Ill. 355, 78 N.
E. 809; McCarthy v. Spring Valley Cone Co., 243 Ill. 185,
90 N. E. 372; Dollar Sav. F. & T. Co. v. Penn. Co., 272 Pa.
364, 116 Atl. 299; Richardson v. So. P. Co. (Cal. App.) 212
Pac. 959.

The evidence of the plaintiff was to the effect that he was
under the supervision of the two mechanics and that the
unloading of the machine was not within the ordinary duties
of his employment. It also appears that the plaintiff sug-
gested a larger force of men for the undertaking; that
he proposed using two planks under the machine, but
was informed by his superior that one would "be all
right." It is not plain that the plaintiff knew the weight
of the machine or the mechanical scheme adopted for unload-
ing it, or that he did or could appreciate the danger of the
situation. We are impelled to say, with some degree of cer-
tainty, that the evidence was such that the court could not

determine as a matter of law that the plaintiff assumed the risk and that the question was very properly submitted to the jury.

The trial court instructed the jury that the defendant had pleaded that the plaintiff assumed the risk of injury resulting from the manner and method of unloading the flue roller, and also the risk resulting from the use of the instrumentalities employed by the defendant in unloading the same, and that the burden of proof was on the defendant to prove such allegation by a preponderance or greater weight of the evidence. Appellant assigns this instruction as error.

There is no merit in the assignment. The burden of proof of the assumption of risk is upon the defendant. *Kanawha & Mich. Ry. Co.* v. *Kerse*, 239 U. S. 576, 36 7 Sup. Ct. 174, 60 L. Ed. 448; *Falyk* v. *Penn. R. Co.*, 256 Pa. 397, 100 Atl. 961; *Dimmick* v. *Utah F. Co.*, 49 Utah, 430, 164 Pac. 872.

In other instructions the court defined ordinary risks and instructed the jury plainly that the plaintiff was conclusively presumed to have knowledge of and to have assumed the risks and dangers arising therefrom.

Upon the measure of damages the court instructed the jury in substance that if they should find for the plaintiff they should award him such damages as will compensate him for the pecuniary loss sustained in consequence of his injuries, and in estimating the amount to consider the nature, character, and extent of the injuries as shown by the evidence, whether they are temporary or permanent, the extent such injuries have affected or impaired, or will in the future impair, plaintiff's health, the extent such injuries have prevented, or will in the future prevent, him from attending to the ordinary affairs of life, the mental and physical pain and suffering suffered, and which will in the future be suffered, by him, and to award such damages as in their judgment, so far as shown by the evidence, will fairly and adequately compensate him for the pecuniary loss and damage sustained by him. Appellant contends that the instruction is erroneous, not for what it contains, but because it omits to limit

the prospective damages or those to be sustained in the future to their present financial worth. Appellant 'did not request the court to modify or limit the instruction in the respect now contended for, but merely took exceptions    8 to the instruction as given. It is generally held that error cannot be based on the failure to give a particular instruction when no request therefor is made as provided in Comp. Laws Utah 1917, § 6803; *Salt Lake & U. R. R. Co.* v. *Schramm,* 56 Utah, 53, 189 Pac. 90; *State* v. *Chynoweth,* 41 Utah, 354, 126 Pac. 302; *State* v. *Macmillan,* 46 Utah, 19, 145 Pac. 833; *Valiotis* v. *Utah Apex Min. Co.,* 55 Utah, 151, 184 Pac. 802; *State* v. *Talarico,* 57 Utah, 229, 193 Pac. 860. Especially is this true when an instruction with more particularity upon the point is desired. *Phœnix Ry. Co.* v. *Landis,* 231 U. S. 578, 34 Sup. Ct. 179, 58 L. Ed. 377; *So. Pac. Co.* v. *Maloney,* 136 Fed. 171, 69 C. C. A. 83.

Upon the whole record no prejudicial error appears, and the judgment is affirmed, with costs.

WEBER, C. J., and GIDEON, THURMAN, and FRICK, JJ., concur.